UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXSIS SHONTE THOMAS,<br>Plaintiff,<br>v.<br>SARAH THOMAS,<br>Defendant. | Case No. 4:18-cv-03059-KAW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 7 |

On May 23, 2018, Plaintiff Alexsis Shonte Thomas ("Plaintiff") filed this civil action and an application to proceed *in forma pauperis*. (Compl., Dkt. No. 1; IFP Application, Dkt. No. 2.) On June 15, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 6.) On June 26, 2018, the Court screened Plaintiff's complaint and found it deficient in a Screening Order (Dkt. No. 7) because Plaintiff alleged "that she suffered employment discrimination in 2006, but she did not receive a right to sue letter until April 26, 2018," she did "not attach the right to sue letter to her complaint" and instead "attached the cover letter," and "[n]ot only does [her] complaint appear to be time barred, as the alleged discrimination likely occurred in 2006," but her allegations do not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 2-3.)

The Court therefore required Plaintiff to file an amended complaint by August 6, 2018, and warned that failure to do so would result in the case being reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety. (*Id.* at 3.) Moreover, also on June 26, 2018, when mail containing the Court's Order granting the IFP Application was sent to Plaintiff at the address of 485 40th Street Apt. #16, Oakland, CA 94609, it was returned to the Court as undeliverable. (Dkt. No. 8.)

Plaintiff is also reminded of her obligation to inform the Court of any changes of address by "promptly fil[ing] with the Court and serv[ing] upon all opposing parties a Notice of Change of Address specifying the [Plaintiff's] new address." *See* Civil Local Rule 3-11(a). Failure to notify the Court of a current address (e.g. via a written communication or by filing/serving a Notice of Change of Address as mentioned above) 60 days after mail sent to the Plaintiff is returned to the Court as "undeliverable" may result in Plaintiff's case being dismissed without prejudice. *See* Civil Local Rule 3-11(b).

As of the date of this order, Plaintiff has not filed an amended complaint. Accordingly, the Court ORDERS Plaintiff to show cause, by **September 11, 2018**, why this case should not be dismissed for failure to prosecute by 1) filing an amended complaint that corrects the deficiencies identified by the Court's June 26, 2018 Screening Order, and 2) responding to this Order to Show Cause by explaining why she did not file a timely amended complaint. Failure to complete both tasks by September 11, 2018 **will** result in the Court reassigning this case to a district judge with the recommendation that the case be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: August 28, 2018

KANDIS A. WESTMORE
United States Magistrate Judge